USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1705 EDWARD D. COWHIG, Plaintiff, Appellant, v. TOGO WEST, SECRETARY OF THE ARMY, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] Before Torruella, Chief Judge, Campbell, Senior Circuit Judge, and Lipez, Circuit Judge.   Edward D. Cowhig on brief pro se. Donald K. Stern, United States Attorney, and Michael J.Pineault, Assistant U.S. Attorney, on brief for appellee.April 2, 1999   Per Curiam. Having scrutinized the record and the parties' submissions, we affirm the order of dismissal and the injunction against further filings essentially for the reasons recited by the district court. We add only the following comments.  It is well established that courts have the power to issue injunctions "barring a party ... from filing and processing frivolous and vexatious lawsuits." Gordon v. United States Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam). While such measures are "the exception to the general rule of free access to the courts," Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), the district court was justified here in concluding that injunctive relief was warranted.  Plaintiff has now filed five meritless actions in the District of Massachusetts, and at least two others elsewhere, pertaining to the same incident--his 1962 discharge from the Army. Where a litigant has demonstrated a "propensity to file repeated suits ... involving the same or similar claims" of a "frivolous or vexatious nature," a bar on further filings is appropriate.  Castro v. United States, 775 F.2d 399, 409 (1st Cir. 1985) (per curiam); accord, e.g., Pavilonis, 626 F.2d at 1078 (noting that "plaintiffs bent on reopening closed cases" fit into "classic mold" for injunctive relief).  Nor does the injunction here suffer from any of the deficiencies that have been cited in other cases. Plaintiff was given ample "notice that filing restrictions were contemplated." Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993) (per curiam). The court made adequate findings demonstrating the need for an injunction, and the record was "sufficiently developed" to support those findings.  Id. And the injunction was "narrowly drawn to fit the specific vice encountered." Castro, 775 F.2d at 410. For example, it pertains only to filings in the local district court, brought against the United States or an agency or employee thereof, involving the 1962 discharge. And it allows plaintiff, with leave of court, to make new filings upon a showing that they are not barred by res judicata. Filing restrictions are reviewed for abuse of discretion.  See, e.g., id. at 408. No abuse of discretion being apparent, the judgment is summarily affirmed. Affirmed. See Loc. R. 27.1.